# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ARCEO,<br><br>　　　　　　　　　　　Petitioner,<br><br>　　v.<br><br>ROBERT AYERS, Warden,<br><br>　　　　　　　　　　　Respondent. | Civil No.　07cv1331-WQH (LSP)<br><br>**ORDER DISMISSING CASE<br>WITHOUT PREJUDICE** |

　　　　On May 23, 2007, Petitioner, a state prisoner housed at the R. J. Donovan Correctional Facility in San Diego, California, proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, in the District Court for the Central District of California. On July 20, 2007, the Petition was transferred to this Court after the Central District found that Petitioner was challenging a conviction from San Diego County. (See Doc. No. 1.)

　　　　Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. Although Petitioner attaches a "Forma Pauperis Affidavit" in which he states that he is unable to pay the fling fee because he receives no prison pay (Pet. at 8), a request to proceed in forma pauperis made by a state prisoner must include a certificate from the warden or other appropriate officer showing the amount of money or securities Petitioner has on account in the institution. Rule 3(a)(2), 28 U.S.C. foll. § 2254; Local Rule 3.2.

　　　　Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. See

1  Rule 3(a), 28 U.S.C. foll. § 2254.  If Petitioner wishes to proceed with this case, he must submit, **no later than September 24, 2007,** a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee.  A copy of the proper Southern District of California in forma pauperis form will be sent to Petitioner along with this Order.

In addition, the Petition is subject to dismissal because Petitioner has not alleged exhaustion of his state court remedies.  Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies.  28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987).  To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition.  28 U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34.  Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated.  The Supreme Court in Duncan v. Henry, 513 U.S. 364 (1995) reasoned:  "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution."  Id. at 365-66 (emphasis added).

Petitioner attaches a number of state court filings which he appears to contend satisfy the exhaustion requirement.  However, these filings all relate to a claim arising from a 1997 disciplinary infraction where Petitioner was found guilty of possession of inmate-manufactured alcohol while housed at the California Correctional Institution at Tehachapi, California, and in which Petitioner alleges that the resultant loss of 120 days of custody credits exceeded what Petitioner contends is permitted under California law.  (See Attachment to Pet., Exs. C-J.)  Petitioner presented this claim to the state courts by filing habeas petitions in the Los Angeles County Superior and Appellate Courts in 2006.  (Id., Exs. D-F.)  Those petitions were denied on the basis that jurisdiction for the claim was only proper in Kern County, where the California Correctional Institution at Tehachapi is located, and where Petitioner was housed at the time of the infraction.  (Id.)  Petitioner then filed habeas petitions in the Kern County Superior and Appellate Courts in 2007, which were denied on the basis that Petitioner had not exhausted his

administrative remedies. (Id., Exs. B-C.) Petitioner thereafter presented this claim to the state supreme court in a petition for review, which denied the petition on the basis that it was untimely. (Id., Ex. A.)

It appears that Petitioner is complaining here, unlike in his state court petitions, that, as a prisoner who has prior convictions, he is unable to earn custody credits at the same rate, or not at all, as other inmates who are similarly situated as himself. (See Pet. at 6-16.) Petitioner does not appear to be attempting to present the claim that he presented to the state courts regarding his 1997 disciplinary infraction, and Petitioner has not indicated that he has exhausted state judicial remedies as to the claim regarding his inability to earn custody credits at the same rate as other prisoners. If Petitioner has raised this claim in the California Supreme Court, he must so specify. The burden of pleading that a claim has been exhausted lies with the petitioner. Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981). If Petitioner is attempting to present a claim based on the loss of custody credits arising from the 1997 disciplinary infraction, the proper venue for such a claim is the district in which the infraction occurred, which in this case is the District Court for the Eastern District of California. See 28 U.S.C. §§ 84(b) & 2241(d); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 497 (1973). To the extent Petitioner attempted to present a claim based on the 1997 disciplinary infraction in his Petition, the dismissal is without prejudice to Petitioner to present this claim, if he wishes, in the Eastern District of California.

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not satisfied the filing fee requirement and has not alleged exhaustion of state court remedies.

/ / /

/ / /

/ / /

**CONCLUSION**

Based on the foregoing, the Court **DISMISSES** this action without prejudice because Petitioner has failed to satisfy the filing fee requirement and has failed to allege exhaustion of state judicial remedies. To have this case reopened, Petitioner must file a First Amended Petition no later than **September 10, 2007**, that cures the pleading deficiencies set forth above. The Clerk of Court is directed to send Petitioner the correct Southern District of California amended petition an in forma pauperis forms along with a copy of this Order.

**IT IS SO ORDERED.**

DATED: July 31, 2007

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge